UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: MCNELLEY, ANTHONY | § | Case No. 08-12452-DF |
| MCNELLEY, MARY LOU | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on August 07, 2008. The undersigned trustee was appointed on August 08, 2008.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of       $         190,000.00

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim distribution | 17,104.36 |
   | Administrative expenses | 76,232.45 |
   | Bank service fees | 0.00 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of [1]    $ | 96,663.19 |

   The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 10/10/2017 and the deadline for filing governmental claims was 12/30/2017. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

$8,536.17. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $8,536.17, for a total compensation of $8,536.17.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $65.63, for total expenses of $65.63.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/25/2020             By: /s/Stacy B. Ferrara
                                 Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Case Number: 08-12452-DF
Case Name:   MCNELLEY, ANTHONY
             MCNELLEY, MARY LOU
Period Ending: 03/25/20

Trustee:    (590110)   Stacy B. Ferrara
Filed (f) or Converted (c):  08/07/08 (f)
§341(a) Meeting Date:   09/11/08
Claims Bar Date:    10/10/17

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Cash with Husband | 50.00 | 50.00 | | 0.00 | FA |
| 2 | Cash with wife | 100.00 | 100.00 | | 0.00 | FA |
| 3 | Checking Account at Bank of America #7932 | 950.00 | 0.00 | | 0.00 | FA |
| 4 | Checking account at Citizens Bank #9184 | 50.00 | 50.00 | | 0.00 | FA |
| 5 | Security Deposit with Landlord Winchester Park apartments | 790.00 | 0.00 | | 0.00 | FA |
| 6 | Security Deposit with Wife's landlord | 975.00 | 0.00 | | 0.00 | FA |
| 7 | Apartment furnishings; tv Computer and peripheral; radio | 1,500.00 | 0.00 | | 0.00 | FA |
| 8 | Husbands apartment furniture; TV computer and accessories | 1,000.00 | 0.00 | | 0.00 | FA |
| 9 | Wife's furnishings, TV, radio, Computer printer, various books and records | 1,500.00 | 0.00 | | 0.00 | FA |
| 10 | Clothing of husband | 200.00 | 0.00 | | 0.00 | FA |
| 11 | Husband's clothing | 100.00 | 0.00 | | 0.00 | FA |
| 12 | Wife's Clothing | 400.00 | 0.00 | | 0.00 | FA |
| 13 | Husband's watch and costume jewelry | 100.00 | 0.00 | | 0.00 | FA |
| 14 | Wedding band and jewelry | 200.00 | 0.00 | | 0.00 | FA |
| 15 | Wife's costume jewelry | 100.00 | 0.00 | | 0.00 | FA |
| 16 | Term insurance policy with Prudential | 1.00 | 1.00 | | 0.00 | FA |
| 17 | Wife Term insurance policy | 1.00 | 1.00 | | 0.00 | FA |
| 18 | 2002 Ford taurus | 1,900.00 | 0.00 | | 0.00 | FA |
| 19 | Personal Injury Mesh Implant Claim (u) | 0.00 | 190,000.00 | | 190,000.00 | FA |
| 19 | Assets   Totals (Excluding unknown values) | $9,917.00 | $190,202.00 | | $190,000.00 | $0.00 |

**Major Activities Affecting Case Closing:**

Case had a Motion to Re-Open filed and granted in July, 2017 because of a pre-petition personal injury mesh implant claim for Debtor, Wife in June, 2007. All Special Counsel in the matter have been employed by Order of the Court on February 28, 2018. Case has been noticed as an asset case. Still in the litigation/discovery stages, no settlement has been reached.

As of March, 2018 - Special Counsel 1 was granted employment on February 28, 2018. The Trustee noticed the case as an asset case and awaiting Special Counsel 1 to pursue settlement on the Claim.

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 2

| Case Number: | 08-12452-DF | Trustee: | (590110) Stacy B. Ferrara |
|---|---|---|---|
| Case Name: | MCNELLEY, ANTHONY | Filed (f) or Converted (c): | 08/07/08 (f) |
|  | MCNELLEY, MARY LOU | §341(a) Meeting Date: | 09/11/08 |
| Period Ending: | 03/25/20 | Claims Bar Date: | 10/10/17 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

As of June, 2018 - Special Counsel 1 was awaiting a draft closing settlement sheet, with possible settlement in Fall, 2018.

As of September, 2018 - Special Counsel 1 notified the Trustee about two more law firms (Special Counsel 2) that the Debtor, wife retained as well that will be shairing in the compensation.

As of October, 2018 - Special Counsel 1 and Special Counsel 2 agreed to 50/50 split of compensation of the 40% contingency fee, and the Trustee drafted an Application to Employ Special Counsel 2 with Affidavits for execution.

As of December, 2018 - Awaiting on Special Counsel 2 to execute Affidavits

As of February, 2019 - The Trustee was advised that the second law firm of Special Counsel 2 is sharing in the disbursement of the compensation. May need to execute new Affidavits.

As of March, 2019 - The Trustee has been advised that the second law firm is sharing in the disbursement, and new Affidavits have been sent for execution. Once they are executed, the Application to Employ Special Counsel 2 will be filed.

Initial Projected Date Of Final Report (TFR):     October 30, 2017          Current Projected Date Of Final Report (TFR):     April 30, 2020

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| Case Number: | 08-12452-DF | | Trustee: | Stacy B. Ferrara (590110) |
|---|---|---|---|---|
| Case Name: | MCNELLEY, ANTHONY | | Bank Name: | United Bank |
| | MCNELLEY, MARY LOU | | Account: | ********3930 - Checking Account |
| Taxpayer ID #: | **-***4105 | | Blanket Bond: | $12,000,000.00  (per case limit) |
| Period Ending: | 03/25/20 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 02/19/20 | | PB Ethicon Quallified Settlement Fund | per Order Granting Compromise of Claim and Fees for Special Counsel on 12/26/2019 | | 172,895.64 | | 172,895.64 |
| | {19} | | Gross Settlement for    190,000.00<br>Mesh/Sling Implant Claim | 1242-000 | | | 172,895.64 |
| | | | 5% MDL Settlement Fee    -9,500.00 | 4210-000 | | | 172,895.64 |
| | | | Lien payments    -6,829.36<br>(medicare) | 4210-000 | | | 172,895.64 |
| | | | Lien payment to BCBS    -775.00<br>RI | 4210-000 | | | 172,895.64 |
| 03/07/20 | 101 | Bailey, Peavey, Bailey, Cowan, Heckaman,PPLC | per Order Granting Special Counsel 1 & 2 Fees and Expenses on 12/26/19<br>Voided on 03/09/20 | 3210-600 | | 3,898.80 | 168,996.84 |
| 03/07/20 | 102 | Bartimus, Frickleton, Robertson & Goza, PC | per Order Granting Special Counsel 1 & 2 Fees and Expenses on 12/26/19 | 3210-600 | | 20,216.00 | 148,780.84 |
| 03/07/20 | 103 | Sokolove Law, LLC | per Order Granting Special Counsel 1 & 2 Fees and Expenses on 12/26/19 | 3210-600 | | 7,220.00 | 141,560.84 |
| 03/07/20 | 104 | Williams, Hart, Boundas, & Easterby, LLP | per Order Granting Special Counsel 1 & 2 Fees and Expenses on 12/26/19 | 3220-610 | | 745.01 | 140,815.83 |
| 03/07/20 | 105 | Williams, Hart, Boundas & Easterby, LLP | per Order Granting Special Counsel 1 & 2 Fees and Expenses on 12/26/19 | 3210-600 | | 28,880.00 | 111,935.83 |
| 03/07/20 | 106 | Pulaski Law Firm, PLLC | per Order Granting Special Counsel 1 & 2 Fees and Expenses on 12/26/19 | 3210-600 | | 7,220.00 | 104,715.83 |
| 03/07/20 | 107 | The Potts Law Firm, LLP | per Order Granting Special Counsel 1 & 2 Fees and Expenses on 12/26/19 | 3210-600 | | 4,765.20 | 99,950.63 |
| 03/07/20 | 108 | The Potts Law Firm, LLP | per Order Granting Special Counsel 1 & 2 Fees and Expenses on 12/26/19 | 3220-610 | | 3,287.44 | 96,663.19 |
| 03/09/20 | 101 | Bailey, Peavey, Bailey, Cowan, Heckaman,PPLC | per Order Granting Special Counsel 1 & 2 Fees and Expenses on 12/26/19<br>Voided: check issued on 03/07/20 | 3210-600 | | -3,898.80 | 100,561.99 |
| 03/09/20 | 109 | Bailey, Peavey, Bailey, Cowan, Heckaman,PLLC | er Order Granting Special Counsel 1 & 2 Fees and Expenses on 12/26/19<br>Voided on 03/09/20 | 3210-600 | | 3,898.80 | 96,663.19 |
| 03/09/20 | 109 | Bailey, Peavey, Bailey, Cowan, Heckaman,PLLC | er Order Granting Special Counsel 1 & 2 Fees and Expenses on 12/26/19<br>Voided: check issued on 03/09/20 | 3210-600 | | -3,898.80 | 100,561.99 |
| 03/09/20 | 110 | Bailey, Peavy, Bailey, Cowan, Heckaman,PLLC | er Order Granting Special Counsel 1 & 2 Fees and Expenses on 12/26/19 | 3210-600 | | 3,898.80 | 96,663.19 |

Subtotals :    $172,895.64    $76,232.45

{} Asset reference(s)

Printed: 03/25/2020 08:31 AM    V.14.66

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 2

| | |
|---|---|
| Case Number: 08-12452-DF | Trustee: Stacy B. Ferrara (590110) |
| Case Name: MCNELLEY, ANTHONY | Bank Name: United Bank |
| MCNELLEY, MARY LOU | Account: ********3930 - Checking Account |
| Taxpayer ID #: **-***4105 | Blanket Bond: $12,000,000.00 (per case limit) |
| Period Ending: 03/25/20 | Separate Bond: N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| | | | ACCOUNT TOTALS | | 172,895.64 | 76,232.45 | $96,663.19 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | Subtotal | | 172,895.64 | 76,232.45 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $172,895.64 | $76,232.45 | |

```
Net Receipts :           172,895.64
Plus Gross Adjustments :  17,104.36
                         _____
Net Estate :            $190,000.00
```

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # ********3930 | 172,895.64 | 76,232.45 | 96,663.19 |
| | $172,895.64 | $76,232.45 | $96,663.19 |

## Claims Proposed Distribution

### Case:  08-12452-DF   MCNELLEY, ANTHONY

**Case Balance:**  $96,663.19          **Total Proposed Payment:**  $96,663.19          **Remaining Balance:**  $0.00

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| | Stacy B. Ferrara | Admin Ch. 7 | 65.63 | 65.63 | 0.00 | 65.63 | 65.63 | 96,597.56 |
| | <2200-00   Trustee Expenses> | | | | | | | |
| | Stacy B. Ferrara | Admin Ch. 7 | 8,536.17 | 8,536.17 | 0.00 | 8,536.17 | 8,536.17 | 88,061.39 |
| | <2100-00   Trustee Compensation> | | | | | | | |
| | **Claim Memo:**   [Updated by Surplus to Debtor Report based on Net Estate Value: 105723.47] | | | | | | | |
| | Bailey, Peavy, Bailey, Cowan, Heckaman,PLLC | Admin Ch. 7 | 3,898.80 | 3,898.80 | 3,898.80 | 0.00 | 0.00 | 88,061.39 |
| | <3210-60   Special Counsel for Trustee Fees> | | | | | | | |
| | Bartimus, Frickleton, Robertson & Goza, PC | Admin Ch. 7 | 20,216.00 | 20,216.00 | 20,216.00 | 0.00 | 0.00 | 88,061.39 |
| | <3210-60   Special Counsel for Trustee Fees> | | | | | | | |
| | Sokolove Law, LLC | Admin Ch. 7 | 7,220.00 | 7,220.00 | 7,220.00 | 0.00 | 0.00 | 88,061.39 |
| | <3210-60   Special Counsel for Trustee Fees> | | | | | | | |
| | The Potts Law Firm, LLP | Admin Ch. 7 | 3,287.44 | 3,287.44 | 3,287.44 | 0.00 | 0.00 | 88,061.39 |
| | <3220-61   Special Counsel for Trustee Expenses> | | | | | | | |
| | The Potts Law Firm, LLP | Admin Ch. 7 | 4,765.20 | 4,765.20 | 4,765.20 | 0.00 | 0.00 | 88,061.39 |
| | <3210-60   Special Counsel for Trustee Fees> | | | | | | | |
| | Pulaski Law Firm, PLLC | Admin Ch. 7 | 7,220.00 | 7,220.00 | 7,220.00 | 0.00 | 0.00 | 88,061.39 |
| | <3210-60   Special Counsel for Trustee Fees> | | | | | | | |
| | Williams, Hart, Boundas & Easterby, LLP | Admin Ch. 7 | 28,880.00 | 28,880.00 | 28,880.00 | 0.00 | 0.00 | 88,061.39 |
| | <3210-60   Special Counsel for Trustee Fees> | | | | | | | |
| | Williams, Hart, Boundas, & Easterby, LLP | Admin Ch. 7 | 745.01 | 745.01 | 745.01 | 0.00 | 0.00 | 88,061.39 |
| | <3220-61   Special Counsel for Trustee Expenses> | | | | | | | |
| **SUBTOTAL FOR   ADMIN CH. 7** | | | **84,834.25** | **84,834.25** | **76,232.45** | **8,601.80** | **8,601.80** | |
| 1P | R.I. Division of Taxation | Priority | 6,262.18 | 0.00 | 0.00 | 0.00 | 0.00 | 88,061.39 |
| | **Claim Memo:**   **Proof of Claim was withdrawn on 11/2/17 because it was a post-petition claim | | | | | | | |
| **SUBTOTAL FOR   PRIORITY** | | | **6,262.18** | **0.00** | **0.00** | **0.00** | **0.00** | |
| 1U | R.I. Division of Taxation | Unsecured | 1,499.02 | 0.00 | 0.00 | 0.00 | 0.00 | 88,061.39 |
| | **Claim Memo:**   **Proof of Claim was withdrawn on 11/2/17 because it was a post-petition claim | | | | | | | |
| 2 | R.I. Division of Taxation | Unsecured | 718.82 | 718.82 | 0.00 | 718.82 | 718.82 | 87,342.57 |
| 3 | eCAST Settlement Corporation | Unsecured | 851.16 | 851.16 | 0.00 | 851.16 | 851.16 | 86,491.41 |
| 4 | Nardolillo Funeral Home | Unsecured | 1,415.67 | 1,415.67 | 0.00 | 1,415.67 | 1,415.67 | 85,075.74 |
| 2I | R.I. Division of Taxation | Unsecured | 192.42 | 192.42 | 0.00 | 192.42 | 192.42 | 84,883.32 |
| 3I | eCAST Settlement Corporation | Unsecured | 227.84 | 227.84 | 0.00 | 227.84 | 227.84 | 84,655.48 |
| 4I | Nardolillo Funeral Home | Unsecured | 378.95 | 378.95 | 0.00 | 378.95 | 378.95 | 84,276.53 |
| SURPLUS | MCNELLEY, MARY LOU | Unsecured | 84,276.53 | 84,276.53 | 0.00 | 84,276.53 | 84,276.53 | 0.00 |
| **SUBTOTAL FOR   UNSECURED** | | | **89,560.41** | **88,061.39** | **0.00** | **88,061.39** | **88,061.39** | |

## Claims Proposed Distribution

### Case:  08-12452-DF   MCNELLEY, ANTHONY

| Case Balance: | $96,663.19 | Total Proposed Payment: | $96,663.19 | Remaining Balance: | $0.00 |

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| | Total for Case 08-12452 : | | $180,656.84 | $172,895.64 | $76,232.45 | $96,663.19 | $96,663.19 | |

### CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| Total Administrative Claims : | $84,834.25 | $84,834.25 | $76,232.45 | $8,601.80 | 100.000000% |
| Total Priority Claims : | $6,262.18 | $0.00 | $0.00 | $0.00 | 0.000000% |
| Total Unsecured Claims : | $89,560.41 | $88,061.39 | $0.00 | $88,061.39 | 100.000000% |

**TRUSTEE'S PROPOSED DISTRIBUTION**   Exhibit D

Case No.: 08-12452-DF
Case Name: MCNELLEY, ANTHONY
Trustee Name: Stacy B. Ferrara

**Balance on hand:**   $   96,663.19

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors:   $   0.00
Remaining balance:   $   96,663.19

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Stacy B. Ferrara | 8,536.17 | 0.00 | 8,536.17 |
| Trustee, Expenses - Stacy B. Ferrara | 65.63 | 0.00 | 65.63 |
| Other Fees: Bailey, Peavy, Bailey, Cowan, Heckaman,PLLC | 3,898.80 | 3,898.80 | 0.00 |
| Other Expenses: The Potts Law Firm, LLP | 3,287.44 | 3,287.44 | 0.00 |
| Other Fees: Bartimus, Frickleton, Robertson & Goza, PC | 20,216.00 | 20,216.00 | 0.00 |
| Other Fees: Pulaski Law Firm, PLLC | 7,220.00 | 7,220.00 | 0.00 |
| Other Fees: Sokolove Law, LLC | 7,220.00 | 7,220.00 | 0.00 |
| Other Fees: The Potts Law Firm, LLP | 4,765.20 | 4,765.20 | 0.00 |
| Other Fees: Williams, Hart, Boundas & Easterby, LLP | 28,880.00 | 28,880.00 | 0.00 |
| Other Expenses: Williams, Hart, Boundas, & Easterby, LLP | 745.01 | 745.01 | 0.00 |

Total to be paid for chapter 7 administration expenses:   $   8,601.80
Remaining balance:   $   88,061.39

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:   $   0.00
Remaining balance:   $   88,061.39

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 1P | R.I. Division of Taxation | 0.00 | 0.00 | 0.00 |

|  |  |
|---|---:|
| Total to be paid for priority claims: | $ 0.00 |
| Remaining balance: | $ 88,061.39 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 1,569.98 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 1U | R.I. Division of Taxation | 0.00 | 0.00 | 0.00 |
| 2 | R.I. Division of Taxation | 718.82 | 0.00 | 718.82 |
| 3 | eCAST Settlement Corporation | 851.16 | 0.00 | 851.16 |

|  |  |
|---|---:|
| Total to be paid for timely general unsecured claims: | $ 1,569.98 |
| Remaining balance: | $ 86,491.41 |

Tardily filed claims of general (unsecured) creditors totaling $ 1,415.67 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 4 | Nardolillo Funeral Home | 1,415.67 | 0.00 | 1,415.67 |

|  |  |
|---|---:|
| Total to be paid for tardy general unsecured claims: | $ 1,415.67 |
| Remaining balance: | $ 85,075.74 |

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None ||||| 

|  |  |
|---|---|
| Total to be paid for subordinated claims: $ | 0.00 |
| Remaining balance: $ | 85,075.74 |

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 2.3% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $799.21. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $84,276.53.

**UST Form 101-7-TFR (05/1/2011)**

# Trustee's Compensation

**Debtor:** MCNELLEY, ANTHONY                                              **Case:** 08-12452

### Computation of Compensation

| | | | |
|---|---:|---|---:|
| Total disbursements to other than the debtor are: | | | 105,723.47 |
| Pursuant to 11 U.S.C. 326, compensation is computed as follows: | | | |
| 25% of First $5,000 | 5,000.00 | = | 1,250.00 |
| 10% of Next $45,000 | 45,000.00 | = | 4,500.00 |
| 5% of Next $950,000 | 55,723.47 | = | 2,786.17 |
| 3% of Balance | 0.00 | = | 0.00 |

|  |  |
|---|---:|
| **Calculated Total Compensation:** | **$8,536.17** |
| Plus Adjustment: | 0.00 |
| **Total Compensation:** | **$8,536.17** |
| Less Previously Paid: | 0.00 |
| **Total Compensation Requested:** | **$8,536.17** |

### Trustee Expenses

| | | |
|---|---|---:|
| Premium on Trustee's Bond | | 0.00 |
| Travel | 0.0 miles at 0.0 cents per mile | 0.00 |
| Copies | 0 copies at 0.0 cents per copy | 0.00 |
| Postage | | 65.63 |
| Telephone Charges | | 0.00 |
| Clerical / Secretarial | 0.00 hours at 0.00 dollars per hour | 0.00 |
| Paralegal Assistance | 0.00 hours at 0.00 dollars per hour | 0.00 |
| Supplies / Stationery | | 0.00 |
| Distribution Expenses | | 0.00 |
| Professional Expenses | | 0.00 |
| Other Expenses | | 0.00 |
| Other Expenses 2 | | 0.00 |

| | |
|---|---:|
| **Subtotal Expenses:** | **$65.63** |
| Plus Adjustment: | 0.00 |
| **Total Expenses:** | **$65.63** |
| Less Previously Paid: | 0.00 |
| **Total Expenses Requested:** | **$65.63** |

The undersigned Trustee certifies under penalty of perjury that the foregoing is true and correct to the best of his/her knowledge and requests the United States Trustee to approve this report and accounts and requests the Court to provide for notice and opportunity for a hearing under 11 U.S.C. 330(a), 502(b), and 503(b) and to thereafter award final compensation or reimbursement of expenses and to make final allowance for the purposes of distribution to claims, administrative expenses, and other payments stated in this report and account.

WHEREFORE, the Trustee requests that this application be approved by this Court and that the Trustee be granted an allowance of $8,536.17 as compensation and $65.63 for reimbursement of expenses. The Trustee further states that no payments have been made or promised to him/her for services rendered or to be rendered in any capacity in this case. No agreement or understanding exists between applicant and any other person for sharing compensation received or to be received.

Dated:  03/25/20                              Signed: /s/ Stacy B. Ferrara

                                              Stacy B. Ferrara
                                              1070 Main Street

                                              Coventry, RI 02816